IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CALVIN FRAZIER, #177281, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BEN FULLER - CIRCUIT COURT JUDGE )<br>OF AUTAUGA COUNTY, ALA., )<br>)<br>    Defendant. ) | CIVIL ACTION NO. 2:11-CV-159-TMH |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by James Calvin Frazier ["Frazierl"], an indigent state inmate presently incarcerated at the Ventress Correctional Facility.  In this complaint, Frazier challenges the constitutionality of rulings issued regarding a Rule 32 petition and motions for post-conviction discovery, mandamus and status filed in the Circuit Court of Autauga County, Alabama.  Specifically, Frazier maintains Ben Fuller, the judge presiding over the state court proceedings, refused to send him records relevant to his second degree theft of property conviction for use in prosecuting the Rule 32 petition. *Plaintiff's Complaint - Court Doc. No. 1* at 3.  Frazier also challenges the constitutionality of the sentence imposed for the theft conviction. *Id*.

Upon review of the allegations contained in the complaint, the court concludes that this case is due to be dismissed prior to service of process pursuant to the provisions of 28

U.S.C. § 1915(e)(2)(B)(i) and (ii).[1]

## II. DISCUSSION

### A. Challenges to Orders/Actions of a State Court

1. <u>Non-Final Orders</u>. To the extent Frazier seeks relief from adverse decisions issued by a state court which are not yet final, he is not entitled to relief from this court on such claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Frazier could appeal any order issued or action taken by the state court to the appropriate higher state court. Since state law provides an adequate remedy for Frazier to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Thus, any claim which arises from a non-final order issued by the Circuit Court of Chilton County, Alabama is subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B) (ii).

2. <u>Final Orders</u>. With respect to the claims presented by Frazier attacking the constitutionality of orders issued or actions taken by a state court which have become final

---

[1] The court granted Frazier leave to proceed *in forma pauperis* in this cause of action. *Order of March 8, 2011 - Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his/her complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, and/or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Frazier from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

3

In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions undertaken by the state court during the Rule 32 proceedings and any related motions is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

### B.  Challenge to Plaintiff's Sentence

Frazier complains the sentence imposed upon him by the Circuit Court of Autauga County, Alabama for second degree theft of property "is illegal." *Plaintiff's Complaint - Court Doc. No. 1* at 3.  The aforementioned claim goes to the fundamental legality of Frazier's incarceration based on this sentence and, therefore, provides no basis for relief at this time.  *Edwards v. Balisok,* 520 U.S. 641, 646 (1997)*; Heck v. Humphrey,* 512 U.S. 477 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck,* the Supreme Court held that a claim for damages challenging the legality of a prisoner's conviction or sentence is not cognizable in a 42 U.S.C. § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" and complaints containing such claims must therefore be dismissed.  512 U.S. at 483-489.  Under *Heck*, the relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his

---

[2] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

conviction or sentence." 512 U.S. at 487. The Court emphasized that "habeas corpus is the exclusive remedy for a ... prisoner who challenges" the basis for his confinement "even though such a claim may come within the literal terms of § 1983" and, based on the foregoing, concluded that Heck's complaint was due to be dismissed as no cause of action existed under section 1983. 512 U.S. at 481. In so doing, the Court rejected the lower court's reasoning that a section 1983 action should be construed as a habeas corpus action.

In *Balisok*, the Court concluded that a state prisoner's "claim[s] for declaratory relief and money damages, ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983...." unless the prisoner can demonstrate that the challenged action has previously been invalidated. 520 U.S. at 648. Moreover, the Court determined that this is true not only when a prisoner challenges the judgment as a substantive matter but also when "the nature of the challenge to the procedures could be such as necessarily to imply the invalidity of the judgment." *Id.* at 645. The Court reiterated the position previously advanced in *Heck* that the "sole remedy in federal court" for a prisoner challenging the constitutionality of a term of incarceration is a petition for writ of habeas corpus. *Id*. Additionally, the Court "reemphasize[d] ... that a claim either is cognizable under § 1983 and should immediately go forward, or is not cognizable and should be dismissed." *Id*. at 649; *see also Castro v. United States*, 540 U.S. 375, 382 (2003) (disfavoring a court's *sua sponte* re-characterization of an action as one seeking post-conviction collateral relief under 28 U.S.C. § 2255).

Frazier challenges the constitutionality of his confinement as it relates to the sentence imposed upon him by the Circuit Court of Autauga County, Alabama for second degree theft of property. A judgment in favor of Frazier on the illegal sentence claim presented in this complaint implies the invalidity of this incarceration. It is clear from the records of this court that the sentence about which the plaintiff complains has not been invalidated in an appropriate proceeding. Consequently, the instant collateral attack on the sentence levied by the Circuit Court of Autauga County, Alabama for second degree theft of property and the constitutionality of Frazier's resulting incarceration are clearly prohibited by federal law and subject to summary dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii). *Balisok,* 520 U.S. at 645; *Heck,* 512 U.S. at 481; *Preiser v. Rodriguez*, 411 U.S. at 488-490.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's challenges to orders issued and/or actions taken by Judge Ben Fuller on petitions/motions litigated in the Circuit Court of Autauga County, Alabama be DISMISSED with prejudice prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

2. The plaintiff's claim attacking the legality of the sentence imposed upon him by the Circuit Court of Autauga County, Alabama for second degree theft of property be summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed.

It is further

ORDERED that on or before March 22, 2011 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 8th day of February, 2011.

    /s/    Wallace Capel, Jr.

WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE